UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ROBERT TILTGES WILLIAM SR, <br>     Plaintiff, <br><br> v. <br><br> KAGR2 PARK CITY LLC., KAGR2 MOB PARTNERSHIP, L.P., KAGR2 MOB REIT LLC, KAGR2 PALM BEACH GARDENS, LLC, ILLINOIS BONE & JOINT INSTITUTE, & UNKNOWN PARTIES, <br>     Defendants. | Case No. 1:23-cv-16427 <br><br><br> JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff, ROBERT TILTGES WILLIAM SR ("Plaintiff"), by his attorney, Fedor Kozlov of The Law Offices of Fedor Kozlov P.C., complains of Defendant, KAGR2 PARK CITY LLC., KAGR2 MOB PARTNERSHIP, L.P., KAGR2 MOB REIT LLC, KAGR2 PALM BEACH GARDENS, LLC, ILLINOIS BONE & JOINT INSTITUTE, & UNKNOWN PARTIES, ("Defendant"), pursuant to 42 U.S. Code § 12181 *et seq*. ("ADA"), and its implementing regulations, the ADA's Accessibility Guidelines, 28 C.F.R Part 36 ("ADAAG") and alleges as follows:

## JURY DEMAND

Plaintiff hereby demands a trial by jury pursuant to Federal Rule of Civil Procedure 38(b) on all triable issues.

## PRELIMINARY STATEMENT

1. Defendant's ADA violations create real and significant barriers to entry for disabled person such as Plaintiff. Pursuant to Title III of the Americans With Disabilities Act ("ADA"), Plaintiff seeks declaratory and injunctive relief requiring Defendants to (1) remedy the violations

identified herein and (2) enact and adhere to a policy that ensures the property avoids future ADA violations.

## JUSRIDICTION AND PARTIES

2. This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act ("ADA"). This Court is vested with original jurisdiction over the action pursuant to 28 U.S.C. §§ 1331 and 1343 for Plaintiff's claims pursuant to 42 U.S.C. § 12181 et seq., based upon Defendant's failure to remove physical barriers to access and violations of Title III of the ADA.

3. Venue is proper in the United States District Court For The Northern District Of Illinois pursuant to 28 U.S.C. § 1391(b) because venue lies in the judicial district of the property at issue or the judicial district in which a substantial part of the events or omissions giving rise to Plaintiff's claims occurred. The Defendant's property is located in the State of Illinois, Defendant does business within this judicial district, and all events giving rise to this lawsuit occurred in this judicial district.

4. Plaintiff is and has been at all times relevant to the instant matter, a natural person residing in Illinois.

5. Plaintiff is an individual with disabilities as provided by the ADA.

6. Plaintiff has used a wheelchair for mobility purposes.

7. Plaintiff has also used a walker, crutches, and a cane for mobility purposes.

8. Plaintiff is substantially limited in performing one or more major life activities, including but not limited to walking and standing.

9. Plaintiff is an independent advocate for the rights of similarly situated disabled persons and is a "tester" for the purpose of enforcing Plaintiff's civil rights, monitoring, determining, and

ensuring places of public accommodation are in compliance with the ADA. Plaintiff returns to the location because the location at issue is where Plaintiff receives care for his medical needs. Plaintiff also wants to ensure that others like him have proper access to the medical facility.

10. Defendant, KAGR2 PARK CITY LLC., a Delaware LLC, is the owner of the property at issue and is registered to conduct business in the State of Illinois. Their principal address is at 1 Town Center Rd, Ste 300 Boca Raton, FL 33486.

11. Defendant, KAGR2 MOB REIT LLC, is the manager of the KAGR2 PARK CITY LLC. (the owner of the property at issue) and their principal address is at 1 Town Center Rd, Ste 300 Boca Raton, FL 33486000.

12. KAGR2 MOB REIT LLC, a Delaware LLC, appears to be the parent company or related company of the above-named defendants. The director of KAGR2 MOB REIT LLC has an address of 1 Town Center Rd, Ste 300 Boca Raton, FL 33486.

13. Both above-mentioned Defendants have a principal address at 1 Town Center Rd, Ste 300 Boca Raton, FL 33486.

14. Corporate records indicate that 1 Town Center Rd, Ste 300 Boca Raton, FL 33486 belongs to Defendant KAGR2 Palm Beach Gardens, LLC.

15. Defendant, ILLINOIS BONE & JOINT INSTITUTE is the medical facility and lessee at the property at issue.

## FACTUAL ALLEGATIONS

16. On or about July 25, 2022, Plaintiff was injured at his place of employment which resulted in his disability.

17. Since July 2022, Plaintiff has been going to the ILLINOIS BONE & JOINT INSTITUTE at 350 S Greenleaf St #405, Gurnee, IL 60031 ("property at issue") for physical therapy.

18. Upon information and belief, each time Plaintiff attempted to enter the ILLINOIS BONE & JOINT INSTITUTE, the front ramp was not wheelchair accessible.

19. Upon information and belief, each time Plaintiff went to the restroom, at the property at issue, the sink, hand dryer, and grab bars were too high.

20. Upon information and belief, Plaintiff returned to the property at issue on November 9, 2023, and the conditions remain the same.

21. Upon information and belief, plaintiff will continue to return to the property at issue in the foreseeable future for his physical therapy.

## COUNT 1: INJUNCTIVE RELIEF

22. Title III of the ADA took effect on January 26, 1992 and provided that "….no civil action shall be brought for any act or omission described in section 302 which occurs (1) during the first 6 months after the effective date, against businesses that employ 25 or fewer employees and have gross receipts of $1,000,000 or less; and during the first year after the effective date, against businesses that employ 10 or fewer employees and have gross receipts of $500,000 or less." 28 CFR § 36.508; 42 U.S.C.§12181.

23. The property at issue is considered a public accommodation under 42 U.S.C.§12181(7) because it is the professional office of a health care provider.

24. Public accommodations must have conformed with the regulation by January 26, 1992, or by January 26, 1993, for employers with 10 or fewer employees and have gross receipts of $500,000 or less. 28 CFR § 36.508

25. The property at issue is not in compliance with the ADA and ADAAG - though it must be.

26. Plaintiff has attempted to visit the property at issue and entered to the extent possible as a patron of the lessee of the property at issue. However, Plaintiff was unable to fully and equally

enjoy the services or the facilities (operated by lessee and Defendant, ILLINOIS BONE & JOINT INSTITUTE, and owned by Defendants, KAGR2 PARK CITY LLC and its affiliates) due to Plaintiff's disability.

27. Defendant's failure to bring the entrance ramp, toilet, grab bars, hand dryer (among others) into compliance with the ADA prevents Plaintiff, and others like him, from accessing and fully enjoying the property at issue.

28. Thus, Defendants, as the owners, lessee, or operator of the place of public accommodation have discriminated against Plaintiff, and others like him, by denying Plaintiff, "the full and equal enjoyment of the…services, facilities…or accommodation" of the public accommodation. 42 U.S.C § 12182(a).

29. Defendants will continue to discriminate against Plaintiff, and others like Plaintiff, if Defendants are not compelled to remove all physical barriers existing at the property at issue and make the property accessible and usable by Plaintiff and others like Plaintiff.

30. The following are the physical barriers identified by Plaintiff at the property at issue.

    a. The front entry ramp is not wheelchair accessible, and it is in violation of the ADA and ADAAG § 405. The ramp is too high making it difficult and dangerous for Plaintiff, and others like him, to roll up the ramp and access the property at issue.

    b. The sink in the handicap bathroom is in violation of the ADA and ADAAG §606 because it is too high preventing the plaintiff, and others like him, from fully accessing and using the sink.

    c. The toilet in the handicap bathroom is 24.5 inches above the floor. §604.4 of the ADAAG provides that the toilet should be 17-19 inches above the floor. This height difference is not only against the code, but it makes access to the toilet limited and

prevents the Plaintiff, and others like him, from being able to properly use the restroom.

    d. The hand dryer in the handicap bathroom is in violation of the ADA and §601 of the ADAAG because the hand dryer is too high preventing the plaintiff, and others like him, from fully accessing and using the hand dryer as needed to dry his hands.

    e. The grab bars in the handicap bathroom are in violation of the ADA and 2010 ADAAG §609 because they are too high making it difficult for plaintiff, and others like him, from fully accessing and using the grab bars.

31. The above is **not** an exhaustive list of Defendant's violations under the ADA and the 1991 and 2010 ADAAG standards adopted by the Department of Justice.

32. Defendant's failure to remedy the above ADA violations have resulted in discrimination against Plaintiff, and others like him, because it has prevented him from "the full and equal enjoyment of the…services, facilities…or accommodation" as required by 42 U.S.C § 12182(a). To determine any additional ADA violations and the remedial measures needed, Plaintiff's representative should be allowed to inspect the property at issue per FRCP 34.

33. Accessibility to the property at issue is paramount because that is where the Plaintiff, and others like him, receives treatment for his injuries. Defendant has failed to remedy the ADA violations.

34. Defendant has owned the property and has continually failed to bring the property into compliance with the ADA, 1991 ADAAG, and 2010 ADAAG. Bringing the property into compliance is readily achievable as it only requires minor changes to the above-mentioned structures and such changes can be made without significant difficulty. 42 U.S.C. 12182(b)(2)(A)(v);

35. Defendant is required to maintain the property at issue accessible pursuant to 28 CFR §36.211 and has failed to do so.

36. Plaintiff does not have adequate remedy at law, and Defendant's failure to bring their property into compliance is causing Plaintiff irreparable harm. Such harm will not end until Defendant is compelled to remove the architectural and physical barriers preventing Plaintiff from the full use and equal enjoyment of the property at issue.

37. Plaintiff's requested relief will serve the public interest because it will make the property at issue fully accessible for other individuals who's medium of transportation is a wheelchair, crutches, walker, and/or cane and who utilize Defendant's services.

38. Pursuant to 42 U.S.C. § 12205, Plaintiff is entitled to recover his reasonable attorney's fees and costs of litigation from Defendants.

**WHEREFORE**, Plaintiff, ROBERT TILTGES WILLIAM SR, respectfully requests an order granting the following:

1. That Defendant, KAGR2 PARK CITY LLC., KAGR2 MOB, PARTNERSHIP, L.P., KAGR2 MOB, REIT LLC, KAGR2 PALM BEACH, GARDENS, LLC, ILLINOIS BONE & JOINT INSTITUTE, & UNKNOWN PARTIES, be found in violation of the ADA and ADAAG.

2. That Defendant be required to remove the physical barriers preventing Plaintiff, and others like him, from accessing the property at issue, and make the property at issue fully accessible to Plaintiff, and others like him, within 120 days of entry of this order or such other timeframe as this Court deems just.

3. That Defendant be required to comply with their duty to maintain the property at issue accessible to persons with disabilities per 28 C.F.R. §36.211 and as required by Title III of the ADA.

4. That this order requires Defendant to assess their policies and revise them to ensure that said policies do not discriminate against persons with disabilities.

5. That this Court award Plaintiff his attorneys' fees, cost, and litigation expenses as well as the cost associated with ensuring Defendant's compliance with the ADA; and

6. Such other relief as this Court deems just and appropriate.

Respectfully,<br>
By /s/Fedor Kozlov<br>
One of Plaintiff's Attorneys

**Prepared by:**
**The Law Offices of Fedor Kozlov, P.C.**
**Attorneys for Petitioner**
1990 E. Algonquin Rd., Suite 100
Schaumburg, IL 60173
P:  847.241.1299     F:  847.241.1166
Fedor Kozlov, Esq. | fedor@nslslaw.com
ARDC: 6301810
Patricia Brito Salazar | patricia@nslslaw.com
ARDC: 6338757

## **VERIFICATION**

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.


Robert W. Tiltges Sr. (Nov 28, 2023 10:28 CST)

ROBERT TILTGES WILLIAM SR